# EXHIBIT A


Ev. personal

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

---

SUBI HAMRA and DINA HAMRA,          Index No. 026657

    Plaintiffs,                         S U M M O N S

-against-                              Plaintiff's Residence Address

                                        725 Avenue T, 2nd Floor

MIDLAND CREDIT MANAGEMENT INC.,        Brooklyn, New York  11223

    Defendant,

-------------------------------------X

Defendant's address:                   The basis of this venue is

2365 NorthsideDrive, 3rd Floor         Plaintiff's address

San Diego, CA  92108

**FILED**
SEP 1 7 2018
CIVIL COURT
KINGS COUNTY

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of Kings, at the office of the Clerk of said Court, at 141 Livingston Street, Brooklyn, New York 11201, within the time provided by law as noted below and to file your Answer to the annexed Complaint with the Clerk; upon your failure to Answer, judgment will be taken against you for the sum of $15,000.00 with interest from August 5, 2018 together with the costs of this action.

Dated: September 12, 2018

*Edward B.G.*

Edward B. Geller, Esq., P.C.

Attorney for Plaintiff

15 Landing Way

Bronx, New York  10464

Tel:(914)473-6783

Note the law provides that:

a)  If this summons is served by its delivery to you personally within the City of New York, State of New York, you must appear and answer within TWENTY DAYS after such service; or

b) If this summons is served by its delivery to any person other than you personally, or is served outside the City of New York, State of New York, or by publication, or by any means other than personal delivery to you within the City of New York, State of New York, you are allowed THIRTY DAYS after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X

SUBI HAMRA and DINA HAMRA,   Index No.:

        Plaintiff,

-against-   **COMPLAINT**

        Plaintiff,

MIDLAND CREDIT MANAGEMENT INC ,

        Defendant(s).
------------------------------------------------------------------X

Plaintiff(s), SUBI HAMRA and DINA HAMRA ("Plaintiffs"), by and through their attorneys, M. Harvey Rephen & Associates, P.C., by Edward B. Geller, Esq., P.C., Of Counsel, as and for their Complaint against the Defendant(s), MIDLAND CREDIT MANAGEMENT INC , (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiffs brings this action on their own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff(s) SUBI HAMRA and DINA HAMRA are residents of the State of NEW YORK , residing at Brooklyn. NY 12223.

3. Defendant MIDLAND CREDIT MANAGEMENT INC is a CALIFORNIA

company engaged in the business of debt collecting with an address at 8875 AREO DRIVE, SUITE 200, SAN DIEGO, CA 92123.

4. Plaintiffs are "consumers" as the phrase is defined and used in the FDCPA under 15 USC §1692a (3).

5. The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## FACTUAL ALLEGATIONS

6. Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "5" herein with the same force and effect as if the same were set forth at length herein.

7. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiffs.

8. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiffs by reporting an account to national credit bureaus.

9. On or about August 5, 2018 Plaintiff Subi Hamra called the Defendant and was connected with a female representative. The Plaintiff went on to inform the representative that he was receiving calls from them every five to ten minutes, and the calls would then disconnect when he picked up.

10. The representative asked for the phone number that was being called and informed the Plaintiff Subi Hamra they were trying to reach a Dina Hamra.

11. The Plaintiff stated that was his wife and asked what the calls were regarding.

12. The representative said it was a personal business matter, but Mrs. Hamra

was on the line, verified her account, and the call thereafter continued.

13. The representative then informed the Plaintiffs the calls were regarding Mrs. Hamra's Synchrony Gap card that had a balance of $ 520.96. The representative also stated there was a settlement offer of $312.67.

14. The Plaintiff Subi Hamra asked why they were calling every 5 to 10 minutes on a Sunday and today alone they had received at least 8 calls with no answers, just disconnected lines.

15. The representative said she did not know, she just takes calls and does not call out, however she could arrange for them not to receive calls.

16. The Plaintiff Subi Hamra said no, because he is not even sure what this is about .

17. The representative said it is the Gap card from Synchrony, it has not been paid in a long time so let's go ahead and get it resolved and then you won't get any more calls.

18. The Plaintiff stated he will resolve it in his own way. Since they are calling him he asked if they could send everything to his address to back up their claim.

19. The representative informed the Plaintiffs they could go online and login to view all the information which would include documents. The representative also stated they could download them and make payments.

20. The Plaintiff Subi Hamra asked if the account had been reported to the credit bureaus.

21. The representative informed him that the last time it was reported was on May 20, 2018. The representative also informed the Plaintiffs that a discount letter had been sent

out.

22. The Plaintiff Subi Hamra asked the representative if she could send out the documents so he could verify the account.

23. The representative stated again that the Plaintiffs could go on line and see the offer and check the documents, then gave them the web site address and the call was then concluded.

24. When the Plaintiffs went on line as instructed by the Defendant's representative the only information that was displayed was the Plaintiff Dina Hamra's balance on the card of $520.96. There was no access to documentation nor the supposed discount offer of $312.67.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

25. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

26. 15 USC §1692 e – preface and e (10) prohibits the use of any false, deceptive or misleading representations in connection with the collection of a debt.

27. Defendant violated 15 USC §1692 e – preface and e (10) on August 5, 2018 when the its agent sated that the Plaintiffs can go online to see the documents they requested as well as download them. This statement is false, misleading, and deceptive. When the Plaintiffs went on line there was no link for documents or the discount offer the representative stated would available. There was only the balance and the ability to make a payment.

28. 15 USC §1692 f – preface prohibits a debt collector from using any unfair or unconscionable means in connection with the collection of a debt.

29. The Defendant violated 15 USC §1692 f preface on August 5, 2018 when the its agent stated that the Plaintiffs can go online to see the documents they requested as well as download them. This statement is unfair. When the Plaintiffs went on line there was no link for documents or the discount offer the representative stated would be available. There was only the balance and the ability to make a payment.

30. 15 USC §1692 d – preface states that a debt collector may not engage in any conduct the natural consequence of which to harass, oppress, or abuse any person in connection with the collection of a debt.

31. Defendant violated 15 USC §1692 d – preface when it continued to call the Plaintiffs several times on a Sunday within 5 -10 minutes of each other and then disconnecting the line, forcing the Plaintiffs to call in to inquire what the calls were about.

32. As a result of Defendant's violations of the FDCPA, the Plaintiffs have been damaged and are entitled to damages in accordance with the FDCPA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demands judgment from the Defendant as follows:

    A. For actual damages provided and pursuant to 15 USC §1692k (a) (1) in the amount of $15,000.00;

    B. For statutory damages provided and pursuant to 15 USC §1692(2)(A);

    C. For statutory damages provided and pursuant to 15 USC§1692k(2)(B);

    D. For attorneys' fees and costs provided and pursuant to 15USC§1692(a)(3);

E.    A declaration that the Defendant's practices violated the FDCPA;

F.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:    New York, New York
August 27, 2018

Respectfully submitted,

By: _____
Edward B. Geller, Esq.
Edward B. Geller, Esq., P.C., Of Counsel to
M. Harvey Rephen & Associates, P.C.
15 Landing Way
Bronx, New York 10464
Phone: (914)473-6783

*Attorney for the Plaintiffs* SUBI HAMRA and DINA HAMRA

## AFFIRMATION

Subi Hamra, under the penalty of perjury, deposes and say:

I am the Plaintiff in the above entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_Subi Hamra_
Subhi Hamra
Subhi Hamra [Printed]
Plaintiff

Affirmed before me this 6 day of September 2018

_____
Notary Public

GALINA NARCHUK
Notary Public - State of New York
NO. 01NA6240310
Qualified in Kings County
My Commission Expires 5-2-19